## ENOCH D. YOUNG *vs.* INHABITANTS OF YARMOUTH.

A town is not liable for damages sustained by a traveller upon a highway by reason of a telegraph post erected within the limits of the highway by an electric telegraph company, in a place prescribed by the selectmen of the town, under *St.* 1849, *c.* 93, § 3.

ACTION OF TORT by a traveller upon a highway which the defendants were bound to keep in repair, for damages occasioned by being thrown from his carriage against a telegraph post.

At the trial before *Dewey*, J., the evidence was that this post stood within the limits of the highway, between the sidewalk

and the travelled part of the way, which was in good repair, and "built about one foot crowning," with a small gutter between it and the telegraph post, and that the distance between this post and a similar one on the opposite side of the travelled part of the way was twenty six feet.

It was admitted by the plaintiff that this post was one of a line erected upon and along said highway, by the Cape Cod Telegraph Company, incorporated for the purpose of electric telegraphing; and that said line of posts and the post complained of were erected in places prescribed by the selectmen of the town, as provided by *St.* 1849, *c.* 93, § 3.

The defendants requested the judge to instruct the jury that " under these circumstances the town of Yarmouth was not liable to the plaintiff for damages sustained by him by coming in contact with the telegraph post complained of, although the same may have been an obstruction, rendering the highway unsafe for the purposes of ordinary travel."

But the judge refused so to instruct the jury; and instructed them that " if they were satisfied that the telegraph post complained of was an obstruction, rendering the highway dangerous and unsafe for the purposes of ordinary travel, it would be such a defect in the highway as would render the town liable to any one injured thereby."

The jury returned a verdict for the plaintiff, and the judge reported the case to the full court.

*S. N. Small*, for the defendants.

*D. U. Johnson*, for the plaintiff. " All highways " must by statute " be kept in repair at the expense of the town, so that the same may be safe and convenient for travellers with their horses, carriages," &c. " at all seasons of the year." Rev. Sts. *c.* 25, §§ 1, 22. *Sts.* 1850, *c.* 5; 1851, *c.* 32.

The *St.* of 1849, *c.* 93, gives the selectmen no power to obstruct a highway. On the contrary, § 2 requires the telegraph lines to " be so constructed as not to incommode the public use of said highways; " and § 3, in order to prevent obstructions, gives to selectmen the power of locating the posts, determining what kind of posts shall be used, and altering their location. A

delegation to a board of selectmen of power to obstruct high ways would be unconstitutional, as against the right of every one " to be protected by society in the enjoyment of his life liberty and property, according to standing laws." Declaratio of Rights, art. 10. Such a construction would be unreasonable and therefore should not be adopted. Min. Dig. Statutes, pl. 1 If selectmen in this manner can obstruct a highway slightly, they can do it entirely.

Towns are liable when private individuals obstruct the high ways; *a fortiori*, when it is done by their own officers, whose duty it is to superintend the safety of the roads.

DEWEY, J. This case, as presented upon the evidence, failed to establish a case of an obstruction of the highway by the telegraph posts, that rendered the highway unsafe for the purposes of ordinary travel, and the verdict might properly be set aside for that cause. But the law applicable to the case will, when stated, be found to be so far decisive against the claim of the plaintiff, as to leave nothing to be submitted to the jury.

The questions presented are of the effect of a location of telegraph posts in the highway, by a corporation duly established by law, and in places specified in writing by the selectmen, pursuant to *St.* 1849, *c.* 93 ; and whether any responsibility rests upon the town in which they are located, if a traveller upon the highway should find them an obstruction for the purposes of travel, or receive any injury in his person or property by reason thereof.

The defendants contend that the town of Yarmouth was not responsible for any obstruction or injury thus occasioned; that inasmuch as the telegraph posts were authorized by law to be thus placed in the limits of the highway, and the town of Yarmouth had no right to remove them, their existence in the highway could not be such a defect in the highway as would make the town liable for damages sustained therefrom by a traveller. The *St.* of 1849, *c.* 93, § 2, gives the authority to any company, incorporated for this purpose, to " construct lines of electric telegraphs upon and along any of the highways, by the erection of the necessary fixtures, including posts," &c. " provided the

same shall be so constructed as not to incommode the public use of said highway." If this had been the entire provision contained in this statute, it might have warranted the position taken by the plaintiff, and the instructions given to the jury that if the telegraph post complained of was an obstruction rendering the highway dangerous and unsafe for the purposes of ordinary travel, it would be such a defect as might render the town liable to any one injured thereby. It would be so because such erection of posts would have been an unauthorized act, and the duty of the town of Yarmouth would have been to require their immediate removal. The authority given to the telegraph companies thus to operate upon the public highways would have been strictly limited to the cases provided in the statute, and whether the posts were improperly placed might have been a question for the jury to pass upon.

But § 3 of this statute has made further provisions, which seem to have placed this matter wholly under the supervision of the selectmen of the town through which the lines of such company are to pass. The selectmen are to specify in writing where the posts may be located, &c., "which writing shall be recorded in said town, and such company, in building its line, shall follow the regulations of such writing." It is also further provided that "after the erection of said telegraph lines, the selectmen shall have power to direct any alteration in the location or erection of said posts." These provisions clearly indicate the selection of a legally constituted board to adjudicate upon this subject, with full powers to revise their doings, and correct any errors which the practical working of the first specification and arrangements as to the location of such posts may seem to require. The members of this tribunal do not act as agents of the town in this matter, but for the public generally, and must in the discharge of their duties give effect to the requirement of the statute that the posts should not be so placed as to incommode the public use of the highway. There seems to be no provision for an appeal from the judgment of the selectmen in this matter, either in behalf of the town, or of the telegraph company. The consequence of this necessarily must

be that the location of the telegraph posts by the selectmen is conclusive upon all parties. The town cannot interfere and re-move them; and their existence upon the highway, if in exact conformity with the regulations prescribed by the selectmen, does not constitute any defect or want of repair in the highway, for which the town can be held responsible in case of any injury thereby occasioned to any person travelling on such highway. If an improper location of telegraph posts has been allowed by the selectmen, the power is fully vested in the selectmen of the town to direct an alteration in such location, and thus ob-viate any inconveniences that may be found to exist to the traveller or the public generally. But this is not a matter which the town in its corporate capacity can regulate, or for which the town is responsible. Holding this view of the law applicable to this subject, the result must be that the verdict for the plaintiff must be set aside. *New trial ordered.*